# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL BRANDON,        )
                                  )
          Plaintiff,       )
                                  )
vs.                            )     CIVIL NO. 08-cv-911-JPG
                                  )
ROGER E. WALKER, JR., *et al.*,    )
                                  )
          Defendants.    )

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

      Plaintiff Michael Brandon, an inmate at the Menard Correctional Center, brings this action for alleged deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Brandon seeks injunctive relief for the force he was subjected to and for deprivation of grievance procedures without due process of law. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on

its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

Based on the allegations of the complaint, the Court finds it convenient to divide Brandon's *pro se* action into three counts. The designation of these counts does not constitute an opinion as to their merit.

## COUNT 1

Brandon first challenges the conditions in which he was held at Menard Correctional Center on July 8, 2008.  This claim arises from an incident in which Defendant Mennerich allegedly threw a food tray into Brandon's cell after asking both Brandon and his cellmate if either had placed the food tray on the gallery.

Based on this scenario, Brandon alleges that Mennerich used excessive force in violation of 42 U.S.C. 1983.  The Seventh Circuit has held that a "*de minimis* use of force," such as "a single isolated act unaccompanied by further uses of force" does not amount to excessive force that violates the Eighth Amendment.  *De Walt v. Carter,* 224 F.3d 607, 620 (7th Cir. 2000). *See also O'Malley v. Litscher,* 465 F.3d 799, 805 (7th Cir. 2006); *Fillmore v. Page,* 358 F.3d 496, 503-04 (7th Cir. 2004).

Count 1 complains of only a single incident, in which the force used against Brandon could be described as very minimal.  Brandon alleges only that the food tray was thrown onto the floor of his cell, and nothing more.  Therefore, this Court dismisses Count 1 for failure to state a claim upon which relief may be granted.

## COUNT 2

After the incident described in Count 1, Brandon filed a grievance to report his disapproval of the conduct of correctional officer Mennerich. He alleges that defendants Jeannette Cowan, Donald Hulick, Roger Walker, and Sherry Benton violated his due process rights by failing to interview any witnesses related to the incident, performing an inadequate investigation, neglecting to administer a polygraph test, and/ or failing to schedule and hold a hearing on the incident.

The Due Process Clause of the United States Constitution protects against the deprivation of life, liberty, or property. "With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one." *Antonelli v. Sheahan*, 81 F.3d 1422, 1431 (7th Cir. 1996). A state's grievance procedure does not create a liberty interest that is protected by the Due Process Clause. *Id.*

Brandon complains that these Defendants violated his right to due process because they did not adequately investigate the grievance he filed regarding the claim contained in Count 1. Defendants' alleged lack of investigation does not support a Fourteenth Amendment claim because Defendants' did not deprive Brandon of any substantive rights. Therefore, this Court dismisses Count 2 for failure to state a claim upon which relief may be granted.

## COUNT 3

The third count alleges that defendants Cowan, Hulick, Walker, and Benton violated various state laws and regulations by failing to properly investigate and resolve his grievance regarding Count 1. Because the Court has dismissed Brandon's federal claims regarding this incident, the Court declines to exercise supplemental jurisdiction over these related state law claims. *See* 28 U.S.C. § 1367(c)(3).

3

## DISPOSITION

In summary, the complaint does not survive review under § 1915A.  Accordingly, Counts 1 and 2 are **DISMISSED** with prejudice.  Brandon is advised that the dismissal of those claims will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Count 3 is **DISMISSED** without prejudice to Brandon's right to present his state law claims in the appropriate state court.

**IT IS SO ORDERED.**

**Dated: July 16, 2009.**

       **s/ J. Phil Gilbert**
       **U. S. District Judge**