# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MICHAEL BRANDON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CIVIL NO. 08-cv-911-JPG |
| | ) |
| **ROGER E. WALKER, JR.,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

In July 2009, this Court granted Plaintiff's motion to proceed in forma pauperis and assessed the filing fee pursuant to 28 U.S.C. § 1915(b). The Court also reviewed the complaint pursuant to 28 U.S.C. § 1915A, found that Plaintiff had failed to state a claim, and dismissed the action.

Now before the Court is Plaintiff's motion for relief from judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 7). In his motion, Plaintiff asserts that he intended to file this action in the Circuit Court of Randolph County, and that his pleadings were erroneously mailed to the federal court on faulty advice from another inmate. Plaintiff further asserts that because he invoked state law, this Court had no jurisdiction to enter judgment or to assess and collect a filing fee from him. He now asks the Court to vacate the order assessing the filing fee, and also to reimburse him for the portion of the filing fee already collected.

Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." FED.R.CIV.P. 60(b)(1). However, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain

a reversal by direct appeal.  *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. United States*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

In this motion, Plaintiff relies on "excusable neglect" in that he filed this action in the wrong court.  However, his argument that the Court did not have jurisdiction raises legal arguments which cannot be addressed under Rule 60(b).  A review of the complaint (Doc. 1) shows that in addition to state law, Plaintiff also included references to "the Constitution of the United States of America," "Amendment XIV (14) of the United States Constitution," and the "VIII 8th Amendment."  Thus, the Court did have jurisdiction to consider those claims.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Therefore, Plaintiff has not presented any argument warranting relief under Rule 60(b), and the instant motion is **DENIED**.

**IT IS SO ORDERED.**

**Dated: September 29, 2010**

          **s/ J. Phil Gilbert**
          **U. S. District Judge**